UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HI-RISE TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMATUERINDEX.COM, <br><br> Defendant. | No. C07-349MJP <br><br> ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION |

This is an in rem proceeding brought under the federal Anti-Cybersquatting Consumer Protection Act by Plaintiff Hi-Rise Technology, Inc. against the domain name "amatuerindex.com." This matter comes before the Court on Plaintiff's "Motion for Temporary Restraining Order, Preliminary and Permanent Injunction." (Dkt. No. 5.) The registrant of the "amatuerindex.com" domain name did not file a response to Plaintiff's motion. Having reviewed the materials submitted by Plaintiff and the balance of the record, the Court DENIES Plaintiff's motion. The Court further directs Plaintiff to file a proposed notice of this action, together with a proposal as to where the notice should be published in Melbourne, Australia, within 14 days of the date of this order.

The reasons for the Court's order are stated below.

**Background**

Plaintiff Hi-Rise Technology, Inc. has registered a service mark for "The Amateur Index" with the U.S. Patent and Trademark Office. Plaintiff registered the mark for use in "promoting the goods

ORDER - 1

1  and services of others by providing a website at which Internet users link to other adult entertainment

2  websites."

3        In March 2007, Plaintiff filed this in rem action against "amatuerindex.com," a domain name

4  that represents a misspelling of the words "amateur index." Plaintiff brings this action under

5  provisions of the federal Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. §

6  1125(d)(2), that authorize the owner of a mark to file an in rem civil action against a domain name in

7  the judicial district in which the domain name registrar or registry is located. According to Plaintiff,

8  the domain name "amatuerindex.com" was registered with eNom, Inc., a company located in Bellevue,

9  Washington. Plaintiff alleges that eNom's records indicate that the domain name "amatuerindex.com"

10 was registered in 2003 to an organization called Jasper Developments, which provided eNom with a

11 business address in Melbourne, Australia. Through this action, Plaintiff seeks to transfer the

12 "amatuerindex.com" domain name to Plaintiff.

13 **Analysis**

14 1.      <u>In Rem Actions Under the ACPA</u>

15       The ACPA, which was adopted in 1999, provides two different methods for the owner of a

16 trademark or service mark to seek the transfer of an Internet domain name that is identical or

17 confusingly similar to the owner's mark. Under 15 U.S.C. § 1125(d)(1) – which is sometimes referred

18 to as "paragraph 1" of the ACPA – the owner of a mark may bring an in personam action against a

19 person who registers, traffics in, or uses the domain name. In the alternative, 15 U.S.C. § 1125(d)(2)

20 – also known as "paragraph 2" of the statute – authorizes the owner of the mark to bring an in rem

21 action against the domain name itself, provided that the in rem action is brought in the judicial district

22 in which the domain name registrar or registry is located and that other conditions required by the

23 statute are satisfied.

24

25

ORDER - 2

In this case, Plaintiff is maintaining an in rem action against a domain name under 15 U.S.C. § 1125(d)(2), or "paragraph 2" of the statute.  The ACPA includes the following requirements for maintaining an in rem action against a domain name:

> (A) The owner of a mark may file an in rem civil action against a domain name in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located if
>
>     (i) the domain name violates any right of the owner of a mark registered in the Patent and Trademark Office, or protected under [section 43(a) or 43(c) of the Lanham Act]; and
>
>     (ii) the court finds that the owner –
>
>         (I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action brought under paragraph (1) [of the ACPA]; or
>
>         (II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by –
>
>             (aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and
>
>             (bb) publishing notice of the action as the Court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A).  The actions under subparagraph A(ii) constitute service of process in an in rem proceeding. See 15 U.S.C. § 1125(d)(2)(B).  The ACPA also provides that the remedies in an in rem proceeding against a domain name "shall be limited to a court order for the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."  15 U.S.C. § 1125(d)(2)(D)(i).

2.     Relief Requested by Plaintiff's Motion

Plaintiff has labeled the pending motion as a "Motion for Temporary Restraining Order, Preliminary and Permanent Injunction."  Plaintiff describes the relief requested by the pending motion as follows:

ORDER - 3

1
2
3
4
5
>    Plaintiff, Hi-Rise Technology, Inc., respectfully prays for equitable and injunctive relief from this Honorable Court granted under Title 15, United States Code Section 1125(d)(2)(D)(i)-(ii) through a temporary restraining order requiring eNom to transfer the Domain to a new account with eNom for the Plaintiff and to provide the access information for the new account to Plaintiff's counsel so that the Domain may remain under Plaintiff's control in the new account until this action is concluded. Plaintiff furthermore prays that the temporary restraining order be automatically converted into a temporary injunction one day before it would otherwise expire and that the temporary injunction be automatically converted, after 30 days, into an order of domain forfeiture.

6 (Motion at 5.)  Plaintiff cites no authority that supports the proposition that the Court may issue a

7 temporary restraining order that would be "automatically converted" into a "temporary injunction,"

8 which in turn would be "automatically converted, after 30 days, into an order of domain forfeiture."

9 Plaintiff appears to be seeking a temporary restraining order that would, after the passage of a certain

10 period of time, "automatically" become a final order of forfeiture without any further motion by

11 Plaintiff or action by the Court. The Court is unaware of any statutory authority or case law that

12 authorizes such an unusual procedure.

13    Plaintiff's motion also fails to analyze or even mention the standards for granting a temporary

14 restraining order or a preliminary injunction. Indeed, Plaintiff's motion does not include a citation to a

15 single case. The Court is not inclined to grant the extraordinary remedy of a temporary restraining

16 order or a preliminary injunction where a party represented by counsel fails to provide any analysis of

17 the relevant standards for granting such relief. This concern is particularly acute where, as here,

18 Plaintiff is seeking a "mandatory injunction" that seeks to compel an affirmative act, rather than a

19 "prohibitory injunction" that seeks to preserve the status quo pending trial. The Ninth Circuit has

20 explained the distinction as follows:

21
22
23
>    A prohibitory injunction preserves the status quo. A mandatory injunction "'goes well beyond simply maintaining the status quo *pendente lite* [and] is particularly disfavored.'" When a mandatory preliminary injunction is requested, the district court should deny such relief "'unless the facts and law clearly favor the moving party.'"

Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (internal citations omitted).

24
25

ORDER - 4

Here, the pending motion does not establish that the facts and the law "clearly favor" Plaintiff – particularly in light of Plaintiff's failure to cite any case law in its motion. As a threshold matter, Plaintiff has made little if any effort to demonstrate that in rem jurisdiction under the ACPA is proper in this case. In order for a plaintiff to maintain an in rem proceeding under the ACPA, the Court must find that the owner of the mark:

(I) is not able to obtain in personam jurisdiction over a person who would have been a defendant in a civil action brought under paragraph (1) [of the ACPA]; or

(II) through due diligence was not able to find a person who would have been a defendant in a civil action under paragraph (1) by –

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

(bb) publishing notice of the action as the Court may direct promptly after filing the action.

15 U.S.C. § 1125(d)(2)(A)(ii)(I) - (II). Under the statute, a plaintiff seeking to proceed in rem against a domain name has two options: (I) it may demonstrate that it is unable to obtain personal jurisdiction over a person who would be subject to a civil action under paragraph 1 of the ACPA; or (II) it may demonstrate that, through due diligence, it was not able to find a person who would be a proper defendant in a civil action under paragraph 1 of the ACPA.

In this case, Plaintiff relies on "Option I" for establishing in rem jurisdiction – i.e., that Plaintiff is not able to obtain personal jurisdiction over a person who could be a defendant in a civil action brought under paragraph 1 of the ACPA. See Complaint ¶ 12. Under "Option I," a mark owner "must bear the burden of demonstrating the absence of in personam jurisdiction over a suitable defendant." Alitalia-Linee Aeree Italiane S.p.A. v. Casinoalitalia.com, 128 F. Supp. 2d 340, 346 (E.D. Va. 2001). Put another way, a plaintiff "bears the burden of disproving jurisdiction by a preponderance of the evidence." Id. at 347 and n.17; see also Heathmount A.E. Corp. v.

ORDER - 5

Technodome.com, 106 F. Supp.2d 860, 862 (E.D. Va. 2000) (holding that a "plaintiff must 'disprove' the presence of personal jurisdiction in order to proceed in rem" under the ACPA).

Plaintiff's motion does not adequately explain why Plaintiff cannot obtain personal jurisdiction over Jasper Developments ("Jasper"), the registrant of the "amatuerindex.com" domain name. Although Plaintiff notes that Jasper has a business address in Australia, Jasper's location in a foreign country does not automatically demonstrate that Plaintiff is unable to obtain personal jurisdiction over the company. See, e.g., Alitalia-Linee Aeree Italiane, 128 F. Supp.2d at 347-51 (E.D. Va. 2001) (finding that plaintiff could not maintain an in rem proceeding under the ACPA against a foreign domain name registrant because the registrant was subject to in personam jurisdiction in Virginia); see generally Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019-21 (9th Cir. 2002) (discussing factors for determining whether courts in United States may exercise personal jurisdiction over foreign website operators).

In the pending motion, Plaintiff has not made a sufficient showing that it is unable to obtain personal jurisdiction over Jasper. For example, Plaintiff has not explained to the Court whether the "amatuerindex.com" website is an "interactive" or "passive" site, an inquiry that is relevant in analyzing personal jurisdiction over foreign website operators. See Rio Props., 284 F.3d at 1019-21; Globalsantafe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 615 (E. D. Va. 2003); Alitalia-Linee Aeree Italiane, 128 F. Supp.2d at 347-51. Plaintiff has also offered little evidence that it has made reasonable efforts to obtain information about Jasper Developments. Although Plaintiff indicates that its attorneys have sent e-mails to the company, a plaintiff must do more to establish a lack of personal jurisdiction under Option I. See, e.g., Heathmount, 106 F. Supp. 2d at 863 (a plaintiff seeking to proceed in rem under Option I must exercise "due diligence in attempting to uncover information [about a domain name registrant] upon which this Court might base personal jurisdiction.").

The Court also notes that the record indicates that Plaintiff has been aware of the "amatuerindex.com" website since late 2003. Nonetheless, Plaintiff did not file this action and its

ORDER - 6

1  motion for temporary injunctive relief until 2007.  Such a long delay in seeking relief weighs against

2  granting a temporary restraining order or a preliminary injunction.  See, e.g., Oakland Trib. Inc. v.

3  Chronicle Publishing Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking

4  a preliminary injunction implies a lack of urgency and irreparable harm"); Lydo Enters., Inc. v. City of

5  Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a

6  factor to be considered in weighing the propriety of relief").

7      In sum, Plaintiff has not demonstrated that it is entitled to the preliminary injunctive relief that

8  it seeks.  Therefore, the Court denies Plaintiff's "Motion for Temporary Restraining Order,

9  Preliminary and Permanent Injunction."

10  3.    <u>Service of Process and Publication</u>

11      The pending motion raises questions as to whether Plaintiff has perfected service of process in

12  this matter.  In order to maintain an in rem action under the ACPA against a domain name, a plaintiff

13  "must demonstrate that it has perfected service of process as prescribed by the ACPA."  Investools,

14  Inc. v. Investtools.com, 2006 WL 2037577 at * 2 (E.D. Va. July 17, 2006).  Courts have held that the

15  following actions constitute service of process under the ACPA:

16      (aa)    sending a notice of the alleged violation and intent to proceed under this paragraph to
17                  the registrant of the domain name at the postal and e-mail address provided by the
                   registrant to the registrar; and

18      (bb)    publishing notice of the action as the court may directly promptly after filing the action.

19  Id.; see also Shri Ram Chandra Mission v. Sahajmarg.org, 139 F. Supp. 2d 721, 723 and n.2 (E.D. Va.

20  2001) (holding that the requirements of subsections (aa) and (bb) apply to all in rem actions under the

21  ACPA).

22      Plaintiff has provided the Court with an unauthenticated e-mail dated April 19, 2007, in which

23  Plaintiff's attorney David Nance[1] appears to have sent notice of this lawsuit to the e-mail address that

---

[1] Mr. Nance appears to be located in New Orleans and has not appeared in this action on a pro hac vice basis.

ORDER - 7

1  Jasper provided when it registered the "amatuerindex.com" domain name. Even assuming that
2  Plaintiff can properly authenticate this e-mail, a plaintiff must do more than simply send e-mail notice
3  of the lawsuit to a domain name's registrant in order to perfect service of process in an in rem
4  proceeding under the ACPA. Instead, the ACPA also requires Plaintiff to send notice to the postal
5  address provided by the registrant to the registrar. Plaintiff has offered no evidence that it complied
6  with this requirement.

7  The ACPA also provides that a plaintiff must publish notice of the action "as the court may
8  direct" in order to perfect service of process in an in rem proceeding. There is a split in authority as to
9  whether a court is required to order some form of publication or whether the publication requirement
10 may be waived. Compare <u>Yahoo!, Inc. v. Yahooahtos.com</u>, 2006 WL 2303166 at * 2-3 (E.D. Va.
11 Aug. 8, 2006) (holding that publication of notice is discretionary and may be waived), with <u>Shri Ram</u>,
12 139 F. Supp.2d at 723-24 (holding that publication of some form of notice is mandatory in an in rem
13 proceeding under the ACPA). While it appears to the Court that notice by publication is discretionary,
14 the Court finds that publication of notice should be made in this case in order to provide an additional
15 means of ensuring that the registrant of the domain name has fair notice of this action.

16 Therefore, Plaintiff is directed to provide the Court with a proposed form of notice within <u>14
17 days</u> of the date of this order, along with a proposal regarding where such notice should be published
18 in Melbourne, Australia. Following receipt of these materials, the Court will issue an order directing
19 publication of notice of this action.

20 **Conclusion**

21 Plaintiff has not made a sufficient showing to justify the injunctive relief requested in the
22 pending motion. Therefore, the Court DENIES Plaintiff's motion. The Court also directs Plaintiff to
23 file a proposed notice of this action, together with a proposal as to where the notice should be
24 published in Melbourne, Australia, within <u>14 days</u> of the date of this order.
25

ORDER - 8

The Clerk is directed to send copies of this order to all counsel of record.

Dated: June 27, 2007.

                                           <u>s/Marsha J. Pechman</u>
                                           Marsha J. Pechman
                                           United States District Judge

ORDER - 9